**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

IN THE MATTER OF:

NAME(S):   WATERSON, AMY CAROL            CHAPTER 7 NO.  10-40294
                                          OUR FILE NO. 13106-WG

ADDRESS:   534 BELWOOD-LAWNDALE RD.
           LAWNDALE, NC 28090

SSN:       --- -- 0277

                         **DEBTOR(S).**
_____

**MOTION FOR RELIEF FROM STAY TO PROCEED WITH DIVORCE PROCEEDINGS AND TO APPROVE SETTLEMENT AGREEMENT**

   **COMES NOW** the above-named debtor, by and through her attorney of record, and pursuant to Bankruptcy Rule 1007(b)(2) hereby gives written notice of the Chapter 7 Statement of Intention to all creditors named in the statement.

   1.   The debtor filed chapter 7 bankruptcy on April 15, 2010.

   2.   The debtor is currently separated from her husband and they both desire to proceed with a divorce in the state of Maine.  The Court date is set for September 29th, 2010.

   3.   The debtor and her soon to be ex-husband have agreed to a property settlement agreement which would be approved by the Maine State Court at the hearing.  The Settlement has the following terms potentially relevant to the Bankruptcy Court:

      a.   The marital residence will be deeded to the non filing husband in exchange for a payment of $20,200.00 to the debtor.  The $20,200.00 payment represents the value of the debtor's homestead interest in the property at the time she filed her chapter 7 bankruptcy case.  The husband also agrees to assume the $119,283.00 debt that is on the homestead property.  The debtor asserts that this is a fair market value for the equity in the property and asserts the cash out of the homestead exemption is fully exempt from the chapter 7 estate.  The debtor asserts that 11 U.S.C. Section 522(a) allows the exemption because it was set at the time the bankruptcy was filed.

      b.   The debtor will receive $30,208.58 that is in the Modern Woodman IRA and also $87,758.57 that is in a Pershing IRA.  This money will be transferred from the marital IRA directly to an IRA established by the debtor via order of the State Court.  Therefore, the debtor asserts that this money is exempted property of the estate since the transfer is from one exempt instrument to another exempt instrument and is thus is still exempt pursuant to 11 U.S.C. Section 522(b)(4)(c).

   4.   The debtor asserts that the other terms of the proposed agreement do not involve any property transfer and are not relevant to the bankruptcy court. The settlement agreement is attached as an exhibit to this motion for approval of the terms of the settlement.

   5.   The debtor is hereby moving the Court to approve the terms of the settlement as

set forth herein.

      6.    The debtor is also moving the Court for such other and additional relief as to the court may seem just and proper.

      **WHEREFORE,** the debtor respectfully prays of the Court as follows:

      A.    That the debtor's motion be granted as provided for in the body of this motion;

      B.    That the attorney for the debtor be granted an additional non-base legal fee of $350.00 and expenses of $52.00, said fee and expenses to be paid directly by the debtor;

      C.    That the debtor has such other and further relief as to the Court may seem just and proper.

This the 28th day of September 2010

*/s/ William S. Gardner*

_____
William S. Gardner
Gardner Law Offices
Attorney for the Debtors
NC State Bar No. 32684
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616
FAX (888) 870-1644
e-mail:  bgardner@maxgardner.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

IN THE MATTER OF:

| | | |
|---|---|---|
| NAME(S): | WATERSON, AMY CAROL | CHAPTER 7 NO.  10-40294 |
| | | OUR FILE NO. 13106-WG |
| ADDRESS: | 534 BELWOOD-LAWNDALE RD. | |
| | LAWNDALE, NC 28090 | |
| SSN: | --- -- 0277 | |

**Debtor**
_____

**NOTICE OF MOTION FOR RELIEF FROM STAY TO PROCEED WITH DIVORCE
PROCEEDINGS AND TO APPROVE SETTLEMENT AGREEMENT AND
NOTICE OF OPPORTUNITY FOR HEARING**

**(No-Protest Notice:  No Hearing Will Be Held
Unless Request For Hearing Is Filed)**

**PLEASE BE ADVISED** that the above-named debtor has filed papers with the United States Bankruptcy Court for the Western District of North Carolina for motion for relief from stay to proceed with divorce proceedings and to approve settlement agreement; and for an additional non base legal fee of $350.00 and expenses of $52.00, said fee and expenses to be paid directly by the debtor.  A copy of these paper(s) is included with this Notice or copied on the reverse side of this Notice.

<u>**YOUR RIGHTS MAY BE AFFECTED**</u>.  **YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the debtor(s) in their motion, or if you want the Court to consider your views on the motion, **then on or before October 15th, 2010,** you or your attorney must do three (3) things:

1. **File with the court a written response <u>requesting that the Court hold a hearing</u> and explaining your position.  File the response at:**

    United States Bankruptcy Court
    Western District of North Carolina
    P.O. Box 34189
    Charlotte, NC 28234-4189

    If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

>William S. Gardner
>Attorney for the Debtor(s)
>P.O. Box 1000
>Shelby, NC 28151-1000
>
>and to:
>
>Steven G. Tate
>Chapter 13 Trustee
>P.O. Box 1778
>Statesville, NC 28687-1778

3. **Attend the hearing scheduled for Friday, October 29th, 2010 at 9:30 a.m.** in Courtroom Number 5 at the Cleveland County Courthouse and Law Enforcement Center, 100 Justice Place, Shelby, North Carolina.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the 28th day of September 2010

*[signature]*

_____
William S. Gardner
Gardner Law Offices
Attorney for the Debtor
P.O. Box 1000, Shelby, NC 28151-1000
N.C. State Bar No. 32684
704) 487-0616/Fax (888) 870-1644
e-mail: bgardner@maxgardner.com

## CERTIFICATE OF SERVICE

      WILLIAM S. GARDNER, attorney for the debtor(s), hereby certifies to the Court as follows:
1.     I am not a party for the foregoing proceeding;
2.     I am not less than 18 years of age;
3.     I have this day either filed the attached document for service through the Electronic Case Management System (CM/ECF) or where appropriate, by placing the same on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Amy Carol Waterson
534 Belwood-Lawndale Rd.
Lawndale, NC 28090

Bangor Savings Bank
P.O. Box 930
Bangor, ME 04402-0930

CitiMortgage, Inc.
P.O. Box 790012
St. Louis, MO 63179-0012

CitiMortgage, Inc.
P.O. Box 9438
Gaithersburg, MD 20898

**And via the Court's Electronic Case Filing System to:**

Robert C. Barnett
Chapter 7 Trustee
13777 Ballantyne Corporate Place, Suite 320
Charlotte, NC 28277

Linda W. Simpson
Bankruptcy Administrator
402 W. Trade St., Room 200
Charlotte, NC 28202-1664

    4.     To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
    5.     Service as outlined herein was made within the United States of America.

Dated this the _____ day of September 2010

_____
William S. Gardner
Gardner Law Offices
Attorney for the Debtors
NC State Bar No. 32684
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616
FAX (888) 870-1644
e-mail: bgardner@maxgardner.com

SETTLEMENT AGREEMENT ATTACHED HERETO AS EXHIBIT

# Settlement Agreement
# Subject to Court Approval

This agreement is made and entered into by and between Amy Waterson of Lawndale, and State of North Carolina, hereinafter referred to as "Amy" or "Wife" and Kent Waterson, of Hollis, County of York and State of Maine, hereinafter referred to as "Kent" or "Husband".

WITNESSETH AS FOLLOWS

       WHEREAS, Amy and Kent were married on June 27, 1987 and are the parents of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

       WHEREAS, unhappy differences have arisen between the parties hereto, and;

       WHEREAS, as a result of such differences, the parties have heretofore separated and are now living apart from each other; and

       WHEREAS, Wife has commenced an action for Divorce against Husband in the District Court, Division of Biddeford, Docket No.BID-FM-09-162 ; and

       WHEREAS, attempts at reconciliation have failed and the parties have determined that they can no longer continue in a relationship; and

       WHEREAS, it is the desire of both parties to finally and for all time settle and determine their rights in all property owned by each of them; together with alimony and any and all rights and duties existing between the parties and with their children growing out of their marriage relationship.

       NOW THEREFORE, in consideration of the mutual covenants of the parties set forth herein, it is agreed between the parties that their respective rights and obligations with respect to any property now owned by them, and their respective legal obligations to each other shall be in accordance with the provisions of the stipulations set forth below.
       It is further agreed that the parties shall proceed and seek a divorce on an uncontested basis, and the stipulations below may be incorporated into a divorce decree or made a part thereof by reference, upon approval of the Court.

1.     GROUNDS FOR DIVORCE

       Husband and Wife agree to seek an uncontested divorce on the grounds of irreconcilable differences.

2. PARENTAL RIGHTS AND RESPONSIBILITIES

The parties agree that they will have shared parental rights and responsibilities for their children.

    A. The parties further agree that primary residence of ▇, who has reached the age of majority is with his father and primary residence of ▇ will be with her mother.

    B. Both parties agree that each will have full access to records and information pertaining to the child, including, but not limited to, medical, dental and academic records, whether or not the child reside with either parent.

    C. The schedule for ▇ with Kent will be as follows:

        1. During school vacations and the summer ▇ will come to Maine to visit with her father with the cost to be shared between the parties. When Kent comes to visit in North Carolina he can see ▇ on an ongoing basis during the time he is there.

3. CHILD SUPPORT

Parties hereby acknowledge each of their responsibility to care for, support and maintain their minor children, according to their reasonable needs and the respective ability of each party to contribute. They have exchanged and submitted to the court affidavits as required by statute. Amount of support is in accordance with the Maine Child Support Guidelines in that Kent will pay to Amy for support the amount of $200 per week.(Child support order attached hereto) The parties agree to share on an 75/25 basis the bills relative to the children including all medical insurance payments, school lunches, co-payments and un-reimbursed orthodontic, counseling and dental needs and prescriptions, any summer camp expenses and all dental insurance payments including any extra-curricular activity. Both parents agree to discuss in advance whenever reasonably practicable those costs and shall inform the other parent of such anticipated expenses as soon as reasonably possible. Neither parent shall enroll the child in an extra-curricular activity which would require the other parent to share a cost associated with activity without first consulting the other parent.

2

4. PROPERTY
   a. Real Estate

There is real estate located in the Town of Hollis, County of York and State of Maine all as shown on Book 8331 Page 20 in the York County Registry of Deeds shall be set aside to Kent subject to the debt thereon shall be entitled to exclusive possession of the property and he will be responsible for the payment of all mortgages, insurance and taxes and all other expenses associated with the maintenance of this property.Amy agrees to sign a quit claim deed for her interest in the property. Kent will pay Amy $20,200 as settlement for her interest in the marital property, both real and personal

   b. Personal Property

The parties have divided their personal property. Each party shall be entitled to full ownership and possession of the vehicle he/she drives currently and each shall sign over his/her interest in the vehicle and he/she shall take full responsibility of the debt thereon and hold the other harmless therefrom.

5. HEALTH INSURANCE AND LIFE INSURANCE

   A. Kent shall maintain health insurance for the benefit of the children through his employment. In the event that medical and health insurance for the child becomes available to either husband or wife thorough their employment, at a cost more reasonable than is being paid currently, they agree that the party with the more reasonably priced insurance will cover the child. Factors to be considered in determining which policy is the more reasonable shall include but not be limited to premium cost, deductible amount, extent of policy coverage and health provider accessibility.

   B. The parties shall have no responsibility to continue life insurance for the other and should either one wish to continue the life insurance policies that have been paid with joint marital funds they are to take responsibility for the payment of those on their own lives themselves.

   C. Husband and Wife shall share responsibility for the cost of any uninsured medical or dental expenses for the child on the basis of 75% from Kent and 25% from Amy. Reimbursement payments for uninsured medical or dental expenses shall be due and payable between Husband and Wife upon written notice or information that said expense has been incurred.

6. ALIMONY

   Neither party is paying alimony to the other.

7. MARITAL DEBT

   Kent will take responsibility for the mortgage on the home and will hold Amy harmless from his failure to do so. The credit card debt has been disposed of by a bankruptcy filed by Amy which is now final. There is remaining debt on the automobile with a balance of approximately $10,000. Kent will take full responsibility for the auto loan with Pepperell Bank & Trust Company. Each party shall take responsibility for any remaining debt in his or her own name and hold the other party harmless therefrom.

3

8.  ACCOUNTS AND RETIREMENT

Amy will receive the amount of $30, 208.58 in the Modern Woodman IRA and 100% of the Pershing IRA currently in the amount of $87,758.57.  Kent shall receive 100% of the FF 401 (k) and 100% of the Wells REIT.

9.  TAX EXEMPTION

Amy shall be entitled to claim the ▮▮▮▮▮ as a dependent for the purpose of federal and state income tax filings.  Kent shall be entitled to claim the ▮ as a dependent for the purpose of federal and state income tax filings.

10.  GENERAL PROVISIONS

A.  Necessary Documents

Each of the parties will execute and deliver to the other any document that may be reasonably required to accomplish the purposes of this instrument and shall do all of the things necessary to this end.  If either party shall fail to comply with the provisions of this paragraph, this Agreement shall constitute an actual grant, assignment, and conveyance of property and rights of such manner and with such force and effect as shall be necessary to effectuate the terms of this Agreement.

B.  General Release

Except as herein expressly provided, the parties shall and do hereby mutually release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and equity, which either of them ever had, now has, or may hereafter ever have against the other upon or by reason of any matter, cause or thing, up to the date of the execution of this Settlement Agreement.

C.  Modification and Waiver

A modification or waiver of any of the provisions of this Settlement Agreement shall be effective only if made in writing and executed with the same formality.  Failure to enforce or insist upon strict performance of any provision herein, shall not be construed as a waiver of any subsequent default in performance of the same or similar nature.

D.  Severability

If any provision of this Settlement is held to be invalid or unenforceable, all other provisions shall nevertheless remain in full force and effect.

IN WITNESS WHEREOF, the parties have hereto set their hands and seals

Date _____        _____
                                    Amy Waterson , Plaintiff

4

STATE OF _____
COUNTY OF _____, SS.                    May_____, 2010

      Then personally appeared the above named Amy Waterson and acknowledged the foregoing Settlement Agreement to be her free act and deed.

      Before me,

      _____
      Notary Public/Attorney at Law


Date:_____         _____
      Kent Waterson, Defendant

STATE OF MAINE
COUNTY OF _____, SS.                    May ___, 2010

      Then personally appeared the above named Kent Waterson and acknowledged the foregoing Settlement Agreement to be his free act and deed.

      Before me,

      _____
      Notary Public/Attorney at Law

5