FILED & JUDGMENT ENTERED
Steven T. Salata

Jul 25 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**SHELBY DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-40294 |
| **AMY CAROL WATERSON,** ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER**

This matter is before the court on the debtor's Motion for Relief from Stay to Proceed with Divorce Proceedings and to Approve Settlement Agreement (the "Motion") and the response thereto of the Chapter 7 Trustee. Based on its review of the pleadings and the arguments of counsel and for the reasons stated below, the court has concluded that it should approve the debtor's proposed Settlement Agreement with her estranged spouse and grant the debtor relief from the automatic stay so the Maine state court can conclude the underlying equitable distribution proceeding.

**Factual Background**

1.  The debtor filed a petition under Chapter 7 of the Bankruptcy Code on April 15, 2010. At the time of her bankruptcy filing, the debtor was separated from her husband, and they are proceeding with a divorce in the state of Maine. On Schedule B of her petition, the debtor listed the pending equitable distribution of the marital estate as personal property and reserved the right to include her one half interest in, among other things, "any equity in former marital residence and estranged husband's IRA accounts which have current balances of $87,081.43, $76,962.99 and $21,786.28 which are to be rolled into another IRA account into debtor's name to avoid taxable consequences."

2.  The debtor did not claim an exemption in the equitable distribution claim or her interest in the IRAs on Schedule C. However, pursuant to 11 U.S.C. § 522(d)(1), the debtor claimed an exemption in the amount of $20,200.00 in her "1/2 undivided interest with estranged spouse, Kent Waterson, in home and approximately 5.5 acre lot at 519 Deer Wander Road, Hollis Maine . . . value listed is last known tax value." The debtor listed the tax value of the marital residence as $170,000.00.

3.  The debtor and her estranged husband have negotiated a settlement of the equitable distribution claim, which she attached to the Motion (the "Settlement Agreement"). Pursuant

2

to the terms of the proposed Settlement Agreement, the marital residence will be deeded to the non-filing spouse in exchange for a payment of $20,200 to the debtor.[1] In addition, the debtor will receive $30,208.58 from the Modern Woodman IRA and $87,758.57 from the Pershing IRA. The debtor seeks to transfer the funds from IRAs of the non-filing spouse directly to an IRA established by the debtor. The other terms of the proposed Settlement Agreement do not appear to involve property transfers and, therefore, are not relevant to the issues before this court. It appears that the debtor seeks to have this court approve the Settlement Agreement and grant relief from stay so that the state court in Maine can conclude the equitable distribution proceeding.

4. In support of her Motion, the debtor cites <u>In re Sanders</u>, Case No. 95-30447, (Bankr. W.D.N.C., Sept. 1, 1995), for the proposition that under state law in North Carolina and Maine, equitable distribution rights are not considered property rights and, therefore, are not property of the bankruptcy estate. Consequently, the debtor concludes that the Trustee has no right to assert the debtor's equitable distribution claim nor should he have the ability to change the terms of the proposed

---

[1] The Trustee did not address the transfer of the residence to the estranged spouse in exchange for the payment of $20,200 to the debtor. Therefore, the court assumes that the Trustee does not contest that part of the proposed Settlement Agreement.

3

Settlement Agreement.  In addition, the debtor argues that she would not receive any non-exempt property as a result of the proposed settlement and, therefore, there would be no property for the bankruptcy estate to administer.

5.  Finally, the debtor contends that based on the equities of this case, the court should approve the proposed Settlement Agreement because if it does not, there is a strong possibility that the debtor's estranged spouse will refuse to proceed with the settlement and instead will have the state court in Maine determine how the marital assets should be equitably distributed.  In the debtor's response to the Trustee's supplemental brief, she sought the following relief in the alternative:

> [I]f the court agrees with the trustee and doesn't allow the settlement agreement to move forward, the debtor would ask that the [c]ourt grant relief from stay to allow the court in Maine to proceed with the equitable distribution of the property. At that point the bankruptcy court can retain jurisdiction over the final ED award and then determine what is, and what is not property of the estate based on what the state court determines under Maine law. If the court grants the debtor [a]n interest in the IRA, then at that point the [b]ankruptcy court can determine if those are exempt assets or not. The trustee would be free to participate in the ED proceedings in Maine if he so desired. The debtor would argue that the Maine State Court is the more proper forum to determine the ED matter and the bankruptcy court would step in after those proceedings are done and the assets are split by the [s]tate [c]ourt.

4

6. In contrast, the Trustee objects to the debtor's Motion on the basis that the debtor's claim for equitable distribution is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) and, consequently, is not the debtor's to settle. Furthermore, the Trustee asserts that the asset of the bankruptcy estate at issue before this court is the debtor's equitable distribution claim -- in which the debtor has not claimed any exemption -- rather than the estranged spouse's IRAs. Accordingly, the Trustee argues that the "bankruptcy estate as the owner of the equitable distribution claim can prosecute or settle the claim as may be in the best interest of the creditors, subject to the approval of this Court."

7. The Trustee expanded on this position in his Supplemental Brief in Opposition to Debtor's Motion for Relief from Stay to Proceed with Divorce Proceedings and to Approve Settlement Agreement:

> The [d]ebtor in this case does not own an IRA account, rather [sic] she has a claim to have marital property equitably distributed. The asset the [d]ebtor owned at the time of the filing was the pending equitable distribution claim, which became property of the bankruptcy estate at the time of the filing. Furthermore, since the [d]ebtor does not have an ownership interest or legal claim to the IRA, she should be precluded from exempting an IRA she does not own from the bankruptcy estate. Moreover, it is an interest in property of the [d]ebtor that is available for administration by the Trustee for the benefit of the creditors of the Debtor.

In support of this position, the Trustee cites Kroh v. Kroh, 154

5

N.C.App. 198, 571 S.E.2d 643 (2002).  The Trustee concludes simply that the debtor's Motion should be denied.

## Issue

8.  The court has determined that as a practical matter, the essential issue before it is whether the debtor's marital right to her estranged husband's individual retirement accounts is property of the estate.  If it is not, the inquiry ends there.  If it is, however, the court must consider whether the debtor can exempt it from her bankruptcy estate?  If it finds that she can, the court will approve the proposed Settlement Agreement and grant the debtor relief from stay to conclude the equitable distribution proceeding in state court.

## Discussion

9.  The court begins by recognizing that when the debtor filed for bankruptcy, all of her property became property of her bankruptcy estate.  Pursuant to 11 U.S.C. § 541(a)(1), the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  Federal law defines what constitutes property of the estate, but state law determines the nature of property rights when considering whether something constitutes bankruptcy estate property under § 541(a).  See Butner v. U.S., 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).  Thus, this court must turn to Maine state

6

law, where the divorce and equitable distribution actions are proceeding, to determine the character of the debtor's marital property rights in the estranged spouses individual retirement accounts.[2]

10. In 2005, the Maine legislature amended § 953 of Title 19-A of the Maine Revised Statutes to insert section 6-A, which provides as follows:

> After the filing of a divorce complaint under section 901, a nonowner spouse has an inchoate equitable ownership interest, without the need to obtain an attachment, levy or court order, in the individual retirement account or similar plan or contract on account of illness, disability, death, age or length of service of the owner spouse, to the extent the account or plan is either exempt or beyond the reach of an attaching or judgment lien creditor under state or federal law.

See 19-A M.R.S.A. § 953(6-A)(2005).

11. Pursuant to this recent amendment to the Maine Revised Statutes, the court finds that the debtor/nonowner spouse has an inchoate equitable ownership interest in the individual retirement accounts of her estranged husband. In addition, the court concludes that this inchoate equitable interest in the retirement accounts is property of the debtor's estate pursuant to § 541(a)(1). See Roberge v. Roberge, 188 B.R. 366, 369

---

[2] The court notes that neither the debtor nor the Trustee cited Maine law in their motion, response, or supporting briefs but, rather, relied exclusively on North Carolina law, which is inapposite to the issue of what constitutes property of this debtor's estate.

7

(E.D.Va. 1995) (holding that debtor's inchoate equitable interest in marital estate becomes property of the bankruptcy estate).

12. Having determined that the debtor has an inchoate equitable interest in the individual retirement accounts of her estranged spouse, which is property of her estate, the court must next consider whether the debtor can exempt this marital interest from her bankruptcy estate. In a case factually similar to this one, the bankruptcy court in In re Radinick similarly concluded that the debtor/nonowner spouse possessed a marital interest in her estranged spouse's retirement plan when she filed for bankruptcy and determined that the marital interest constituted property of the debtor's bankruptcy estate pursuant to § 541(a)(1). See In re Radinick, 419 B.R. 291, 295 (Bankr. W.D.Pa. 2009). The Radinick court, however, declined to rule on the issue of whether the debtor could exempt her marital right to her estranged spouse's retirement plan because the state court had not made an equitable distribution award. See Radinick, 419 B.R. at 296. The court reasoned that the debtor's marital interest in her estranged spouse's retirement plan would have value only if the debtor received a distribution from the retirement plan through the equitable distribution proceeding. See id. Consequently, the court concluded that to rule on the

8

exemption issue before the debtor had received such a distribution would constitute an advisory opinion. See id.

13. This court recognizes that this matter is before it on the debtor's motion for relief from stay. In addition, the court is aware that the debtor has not claimed an exemption in her estranged spouse's individual retirement accounts, and the Trustee has not objected to the exemptions because they have not been listed in Schedule C. Thus, to consider the exemption issue at this point is to offer somewhat of an advisory opinion. However, the court also notes that the procedural posture of this case is different than that in the Radinick case. Specifically, the debtor and her estranged spouse have proposed a Settlement Agreement, which, if approved by this court, would conclude the underlying equitable distribution proceeding. It is inevitable that the debtor would then amend her Schedule C to claim an exemption in the retirement accounts transferred to her pursuant to the Settlement Agreement and based on the responsive pleadings of the Trustee, that he would object to such an exemption. Therefore, in the interest of judicial economy, the court will consider whether the debtor can exempt her marital interest in her estranged husband's individual retirement accounts.

14. In her Brief in Support of Debtor's Motion to Approve Settlement, the debtor claims an exemption of her interest in

9

her estranged husband's individual retirement accounts under 11 U.S.C. §§ 522(b)(3)(C) and (b)(4)(C). Because she selected exemptions under § 522(b)(3), the debtor is entitled to exempt retirement funds exempt from taxation under sections 401, 403, 408, 408A, 414, 457, and 501(a) of the Internal Revenue Code of 1986. Section 408(d)(6) of Title 26 of the Internal Revenue Code, provides as follows:

> (6) **Transfer of account incident to divorce.**—The transfer of an individual's interest in an individual retirement account . . . to his spouse or former spouse under a divorce or separation instrument described in subparagraph (A) of section 71(b)(2) is not to be considered a taxable transfer made by such individual notwithstanding any other provision of this subtitle, and such interest at the time of the transfer is to be treated as an individual retirement account of such spouse, and not of such individual. Thereafter such account or annuity for purposes of this subtitle is to be treated as maintained for the benefit of such spouse.

See 26 U.S.C. § 408(d)(6). 26 U.S.C.A. § 71(b)(2)(A), in turn, defines "divorce or separation instrument" as "a decree of divorce or separate maintenance or a written instrument incident to such a decree." Thus, § 408(d)(6) allows for the rollover of funds from one spouse's IRA to the other spouse's IRA when the rollover is made pursuant to a divorce decree. See In re Humbert, No. 93-1006, 1993 U.S. Dist. LEXIS 12378, at *12-13 (D.Kan. Aug. 4, 1993). Accordingly, the court finds that the debtor's marital interest in her estranged spouse's individual retirement accounts would be exempt from her estate pursuant to

10

§ 522(b)(3). As a practical matter, then, although the debtor's marital interest in the retirement accounts is property of the estate, it can be removed under § 522(b)(3).

15. Having determined that the debtor can exempt her marital interest in her estranged husband's individual retirement account, the court concludes that it should approve the proposed Settlement Agreement and grants the debtor relief from stay for cause under § 362(d) to conclude the underlying equitable distribution proceeding in state court in Maine.

16. In deciding whether "cause" has been shown, the bankruptcy court must balance "potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). As discussed above, granting relief from stay will cause no prejudice to the debtor's estate because the debtor can exempt her interest in her estranged husband's individual retirement accounts. However, refusing to approve the proposed Settlement Agreement and denying relief from stay could create a hardship for the debtor. As pointed out by the debtor, if the Settlement Agreement is not approved, there is a possibility that her estranged husband would refuse to proceed with any settlement, which could result in a protracted equitable distribution proceeding in Maine. In addition, the Chapter 7

Trustee would need to participate in that proceeding on behalf of the estate and that creates a result which is neither practical nor feasible.  Finally, as stated so well by another bankruptcy court:

> It is appropriate for bankruptcy courts to avoid incursions into family law matters [including property distribution] 'out of consideration of court economy, judicial restraint, and deference to our state court brethren, and their established expertise in such matters.

See In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985).

17. The court appreciates the concerns expressed by the Trustee about the possibility of collusion between the debtor and her estranged spouse to the detriment of the creditors of this estate.  However, the Trustee has introduced no evidence of such a conspiracy, and the court does not perceive that as a legitimate concern in this particular case given the contentious nature of the relationship between the debtor and her estranged spouse.  Moreover, as stated by one court, the court is mindful of the following public policy considerations:

> the need to give effect to and further the policies underlying the enactment of equitable distribution concepts, such as protecting a former spouse's ownership interest in pension benefits accrued during the marriage, ensuring continued reliance on bargained-for separation agreements negotiated with those principles in mind, and avoiding the 'heavy burden that will be imposed on the public treasury if dependent spouses and children cannot enforce support rights and must instead resort to [public] assistance.'

12

See <u>Kaplan v. Kaplan</u>, 82 N.Y.2d 300, 308, 624 N.E.2d 656 (App. Div. 1993).

    18. Thus, for the reasons stated above it is therefore **ORDERED** that:

    (1) the debtor's Motion for Relief from Stay to Proceed with Divorce Proceedings and to Approve Settlement Agreement is granted;

    (2) the court approves the proposed Settlement Agreement between the debtor and her estranged spouse; and

    (2) the debtor is granted relief from stay to conclude the underlying equitable distribution proceeding in state court in Maine.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**